# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF ILLINOIS
# BENTON DIVISION

| | |
|---|---|
| SHARON R. MOORE and CHARLES W. MOORE,<br><br>    Plaintiffs,<br><br>v.<br><br>LOVE'S TRAVEL STOPS & COUNTRY STORES, INC.,<br><br>    Defendant. | Cause No.<br><br><br>**JURY TRIAL DEMANDED** |

## NOTICE OF REMOVAL

Defendant Love's Travel Stops & Country Stores, Inc. ("Love's"), by and through undersigned counsel, removes this case to the United States District Court for the Southern District of Illinois pursuant to 28 U.S.C. §§ 1441 and 1446, and states as follows:

## STATE COURT ACTION

1. On July 21, 2020, Plaintiffs Sharon and Charles Moore filed their Complaint in the Circuit Court of the Second Judicial Circuit, Illinois, in Jefferson County, Illinois, in Case No. 2020-L-00024.

2. Plaintiffs allege that Sharon Moore was injured on or about July 4, 2019, when she tripped on a cord and protruding outlet cover and fell to the floor at a Love's location in Ina, Illinois, and that Love's Stores breached its duty to maintain the premises in a reasonably safe condition.

3. Plaintiffs named Love's as the sole defendant in the action.

## BASIS FOR FEDERAL JURISDICTION

4. This Court has original jurisdiction over Plaintiff Sharon Moore's claim pursuant

to 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

5. This Court also has supplemental jurisdiction over Plaintiff Charles W. Moore's claim for loss of consortium, pursuant to 28 U.S.C. § 1367.

### *Diversity of Citizenship*

6. Plaintiffs are residents of East Prairie, Missouri. Upon information and belief, Plaintiffs are citizens of Missouri.

7. Love's Stores is a citizen of Oklahoma, as it is a corporation organized under the laws of Oklahoma and maintains its principal place of business in Oklahoma.

### *Amount in Controversy*

8. Pursuant to state-court rules of pleading, Plaintiffs did not specify the exact amount of damages sought. However, Plaintiffs filed affidavits in conjunction with the Complaint swearing that "the total amount of money damages sought in the above referenced action may exceed $50,000.00." *See* Exhibit C.

9. Where a complaint discloses little about the value of the claims, the court may consider opposing counsel's "good faith estimate of the stakes, . . . if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). "Once a defendant in a removal case has established the requisite amount in controversy, the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id.* (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

10. Plaintiff Sharon Moore seeks to recover for past and future pain and suffering, past and future medical bills, loss of enjoyment of daily life and loss of consortium, allegedly sustained

as a result of "serious" injuries to Sharon Moore's "arm, shoulder, knee and other areas of her body." Exhibit B at ¶ 27.

11. Further, Plaintiff Sharon Moore alleges that she was hospitalized at Good Samaritan Hospital to receive treatment from for her alleged injuries. *Id*. at ¶ 22.

12. In *Clark v. DG Retail, LLC*, this Court found that allegations of severe injuries to the plaintiff's head, neck, back, shoulder, knee, and "soft tissues of the cervical, shoulder, and lumbar area, including the muscles, ligaments, tendons, and nerves," combined with allegations that Plaintiff sought past and future medical damages and past and future pain and suffering satisfied the amount in controversy. *Clark v. DG Retail, LLC*, No. , 2019 WL 5800279, at *2 (S.D. Ill. Nov. 7, 2019). Indeed, the Court found that such allegations were sufficient to make it obvious from the face of the complaint that the case was removable and that defendant did not need to conduct any additional discovery to confirm the amount in controversy. *Id*.

13. Here, Plaintiff Sharron Moore alleges "serious" injury to three specific body parts, as well as other areas of the body. The nature of the damages pleaded by Plaintiffs also illustrate that Sharon Moore's injuries are either ongoing or unresolved, in that she seeks future pain and suffering and the cost of future medical treatment. Finally, Plaintiffs' statements under oath that the damages exceed $50,000 confirm that such injuries are not minor scrapes and scratches.

14. Given the alleged number of body parts injured and that Sharon Moore's injuries are sufficiently severe to require ongoing medical treatment more than a year after the incident, it is reasonable to conclude that the amount in controversy is in excess of $75,000.

*Supplemental Jurisdiction over Consortium Claim*

15. The Complaint also includes a claim for loss of consortium by Plaintiff Charles W. Moore, for lost support, society, and companionship from Plaintiff Sharon Moore, his wife,

allegedly as a result of the injuries Plaintiff Sharon Moore claims in her Complaint. *See* Exhibit B, at Count II.

16. This Court may exercise supplemental jurisdiction over this claim pursuant to 28 U.S.C. § 1367, as the claim arises out of the same incident—Plaintiff Sharon Moore's fall—and is dependent upon the success of Plaintiff Sharon Moore's claims. Therefore, the loss of consortium claim arises out of the same case and controversy under Article III of the United States Constitution.

17. Further, as Plaintiff Charles W. Moore is also a citizen of Missouri, his participation in this matter will not affect this court's jurisdiction pursuant to 28 U.S.C. § 1332.

## TIMELINESS OF REMOVAL

18. Love's first received a copy of Plaintiff's Complaint on August 13, 2020.

19. This removal is timely under 28 U.S.C. § 1446(b), as Love's files this removal on September 11, 2020—within thirty days from first receiving a copy of the Complaint.

## FILING & NOTICE REQUIREMENTS

20. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Love's in the state court action is filed as Exhibit A (summons), Exhibit B (Complaint), and Exhibit C (Affidavits of Sharon Moore and Charles Moore).

21. As required by 28 U.S.C. § 1446(d), counsel for Love's Stores contemporaneously files a Notice of Filing with the Circuit Court for the Second Judicial District of Illinois, in Jefferson County, Illinois, which will advise the state court and Plaintiffs of this removal. A copy of such notice, without exhibits, is attached as Exhibit D.

WHEREFORE, Defendant Love's Travel Stops & Country Stores, Inc. removes this action to this Court and respectfully requests that this Court award such further relief as this Court deems appropriate and just.

**DEFENDANT DEMANDS TRIAL BY JURY.**

                                                Respectfully submitted,

                                                /s/ William A. Brasher

William A. Brasher, #6195234
Allison E. Lee, #6304864
**BOYLE BRASHER LLC**
1010 Market Street, Suite 950
St. Louis, Missouri 63101
P:  (314) 621-7700
F:  (314) 621-1088
wbrasher@boylebrasher.com
alee@boylebrasher.com

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the <u>11th</u> day of <u>September</u> 2020, the foregoing was filed electronically using the Court's CM/ECF system, which will send a copy to all counsel of record, and that the foregoing was also emailed to:

John C. Steffens
THE LIMBAUGH FIRM
407 N. Kingshighway
P.O. Box 1150
Cape Girardeau, MO 63702-1150
P:  (573) 335-3316
F:  (573) 335-1369
Jsteffens@limbaughlaw.com

*Attorneys for Plaintiff*

                                      /s/ William A. Brasher