

SECOND JUDICIAL COURT
7/21/2020 2:05 PM 5 3 4 *
RANDY POLLARD
CLERK OF THE CIRCUIT COURT
JEFFERSON COUNTY ILLINOIS

### IN THE CIRCUIT COURT OF THE SECOND JUDICIAL CIRCUIT
### OF JEFFERSON COUNTY, ILLINOIS

| | |
|---|---|
| SHARON R. MOORE and CHARLES W. MOORE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 2020L24 ) |
| LOVE'S TRAVEL STOPS & COUNTRY STORES, INC., Serve: CT Corporation System 208 SO LaSalle St., Suite 814 Chicago, IL 60604 | ) ) ) ) ) ) ) |
| Defendant. | ) |

## COMPLAINT

COME NOW Plaintiffs Sharon R. Moore and Charles W. Moore (collectively "Plaintiffs"), by counsel, and for their Complaint against Defendant Love's Travel Stops & Country Stores, Inc. ("Defendant") state as follows:

### COUNT I—NEGLIGENCE

1.  Plaintiffs are residents of East Prairie, Missouri.

2.  Plaintiffs are husband and wife.

3.  Defendant is an Oklahoma Corporation doing business in Illinois under the name "Love's Travel Stops".

4.  Defendant operates a convenience store and travel center, Store #318, located at 202 North Ave., Ina, IL 62846 (the "Premises").

5.  Defendant's business consists of, among other things, selling food, drinks and other items to traveling customers.



EXHIBIT B

6. On July 4, 2019, Plaintiffs were traveling with their family for a vacation to Indiana.

7. Plaintiffs stopped at the Premises and went inside.

8. Mrs. Moore entered the Premises and turned to go down one of the aisles.

9. The floor of the Premises is tile with metal electrical outlets placed at intervals in the floor.

10. The metal outlets have covers that flip up in order to plug appliances into them.

11. On the day in question, Defendant plugged a refrigerated appliance into an outlet on the floor.

12. The wire and outlet protruded up from the floor several inches.

13. The outlet was in the walking area of an aisle, just around the corner, such that it was not possible for customers to see it when turning into the aisle.

14. Mrs. Moore entered the Premises and turned down the aisle in question.

15. When Mrs. Moore turned into the aisle in question, she tripped on the cord and protruding outlet cover.

16. Mrs. Moore fell to the floor, sustaining serious injuries.

17. Several of Defendant's employees witnessed Mrs. Moore's fall.

18. The Premises contains multiple video cameras that recorded the circumstances of Mrs. Moore's fall.

19. After Mrs. Moore fell, one of Defendant's employees placed a "wet floor" sign over the outlet, which sign had not previously been placed there.

20. Emergency personnel were called to the Premises, where they were forced to remove the protruding cord and outlet in order to navigate a stretcher through the aisle for Mrs. Moore.

21. At least one medical provider tripped over the cord while attempting to help Mrs. Moore.

22. Mrs. Moore was transferred to Good Samaritan Hospital in Mount Vernon where she was treated for her injuries, which included a broken arm and other injuries.

23. Defendant had a duty to organize the Premises in a safe manner and to keep its aisles free from dangerous conditions.

24. As a result of the dangerous conditions identified herein, the Premises was not reasonably safe.

25. Defendant knew or using ordinary care should have known that the Premises was not reasonably safe.

26. Defendant breached its duty and was negligent in at least the following ways:

   a. By maintaining a floor outlet with a cover that protrudes up from the floor when in use;

   b. By plugging an appliance into an outlet such that the cord protrudes up from the floor;

   c. By plugging an appliance into a floor outlet located within the walking path of customers;

   d. By displaying merchandise in such a way as to draw a customer's attention up and away from the floor;



    e. By failing to have adequate procedures and training in place to prevent the aforementioned conditions; and

    f. By failing to warn customers of the any of the aforementioned conditions.

27. As a direct and proximate result of Defendant's conduct identified herein:

    a. Mrs. Moore has suffered serious personal injuries to her arm, shoulder, knee and other areas of her body;

    b. Mrs. Moore has incurred reasonable, necessary medical expenses and likely will be required to incur such medical expenses in the future;

    c. Mrs. Moore has endured and will endure substantial pain, suffering, mental anguish and loss of enjoyment in her daily life.

WHEREFORE, Plaintiffs pray for judgment against Defendant for an amount in excess of $50,000, plus costs of suit, and for such other and further relief as is just and proper under the circumstances.

## COUNT II—LOSS OF CONSORTIUM

1. Plaintiffs hereby incorporate by reference Paragraphs 1 – 27 of Count I as if fully stated here in Count II.

2. Among other things, Mrs. Moore has been unable to sleep, travel, and perform other necessities due to the injuries suffered.

3. As a direct and proximate result of Defendant's conduct identified herein, Mr. Moore has suffered the loss of support, society and companionship previously provided by Mrs. Moore.



WHEREFORE, Plaintiffs pray for judgment against Defendant for an amount in excess of $50,000, plus costs of suit, and for such other and further relief as is just and proper under the circumstances.

Respectfully submitted,

THE LIMBAUGH FIRM
407 N. Kingshighway, P.O. Box 1150
Cape Girardeau, MO 63702-1150
Telephone: (573) 335-3316
Facsimile: (573) 335-1369
Email: jsteffens@limbaughlaw.com

By   /s/ John C. Steffens
     John C. Steffens - #6305081

ATTORNEYS FOR PLAINTIFFS



## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222

Sharon Moore, being duly sworn upon oath, deposes and says that the total amount of money damages sought in the above referenced action may exceed $50,000 based upon the information available to the undersigned at this time.

_Sharon Moore_

Sharon Moore

Subscribed and Sworn to me this 14 day of July, 2020.

JILL ANNE GREIM
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
COUNTY OF CAPE GIRARDEAU
COMMISSION #17265018
My Commission Expires: September 12, 2021

By _Jill Anne Greim_

Notary Public



## AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222

Charles Moore, being duly sworn upon oath, deposes and says that the total amount of money damages sought in the above referenced action may exceed $50,000 based upon the information available to the undersigned at this time.

*Charles W. Moore*

Charles Moore

Subscribed and Sworn to me this 14 day of July, 2020.

JILL ANNE GREIM
NOTARY PUBLIC - NOTARY SEAL
STATE OF MISSOURI
COUNTY OF CAPE GIRARDEAU
COMMISSION #17265018
My Commission Expires: September 12, 2021

By *Jill Anne Greim*

Notary Public